UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M.B.K. SALES, LLC., a Florida limited
liability company

        Plaintiff,

v.                                     Case No.: 2:19-cv-643-FtM-38MRM

DESIGNS BY FMC, INC.,

        Defendant.
                                           /

### **ORDER**[1]

Before the Court on *sua sponte* review is Plaintiff M.B.K. Sales, LLC's Complaint (Doc. 1). M.B.K sues Defendant Designs by FMC, Inc. for breach of contract over outstanding commission payments. M.B.K. cites diversity jurisdiction as the basis for this Court's subject matter jurisdiction.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King*

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

*v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Here, the diversity of citizenship is uncertain because M.B.K. has not sufficiently pleaded its own citizenship.

M.B.K asserts that it is a Florida limited liability company with a principal place of business in Florida. (Doc. 1 at 2). But "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, M.B.K. must show that each of its members are diverse from FMC. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating that citizenship is determined by domicile, not necessarily residence). Although M.B.K. identifies its sole member, it fails to allege that member's citizenship. (Doc. 1 at 2). Without complete diversity of citizenship, the Court lacks subject matter jurisdiction.

The Court thus dismisses the Complaint without prejudice and gives M.B.K the opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiff has leave to file an amended complaint that addresses the issues of subject matter jurisdiction as stated herein.

(3) Any amended complaint must be filed **on or before September 16, 2019**. **Failure to do so will result in the Court closing this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record