UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M.B.K. SALES, LLC., a Florida limited
liability company

   Plaintiff,

v.                    Case No.: 2:19-cv-643-FtM-38MRM

DESIGNS BY FMC, INC.,

   Defendant/Third Party
   Plaintiff

LK SQUARED, FASHION GROUP
INCORPORATED, LISA A KOHAN
and MICHAEL B KOHAN,

   Third Party Defendants.___/

## **OPINION AND ORDER**[1]

Before the Court is MBK Sales, LLC and Lisa A. Kohan's Motion to Dismiss Count VIII of Designs by FMC, Inc.'s Counterclaim (Doc. 26) and Designs by FMC's Response (Doc. 28).

### **Background**[2]

Designs by FMC manufactures and imports jewelry for sale to retailers throughout the United States. MBK, Michael Kohan, and Lisa Kohan became agents of FMC in 1992,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court recounts the factual background as pled in FMC's Counterclaim, which it must take as true to decide whether the Counterclaim states a plausible claim. See *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

servicing retailers and managing their accounts. One such retailer was Starboard Cruise Services, which sells jewelry on its cruise ships. In 2015, the Kohans presented a plan to increase FMC's sales to Starboard under a new brand, HAUTE JEWELS 925. FMC agreed and purchased fixtures and packaging to facilitate the plan. But over the next few years, FMC's sales to Starboard fell from $1.4 million in 2015 to $584,628 in 2018. FMC discovered the Kohans used its investment to sell competing products under the HAUTE JEWELS 925 brand. FMC also learned that Lisa Kohan registered HAUTE JEWELS 925 as a trademark on behalf of her company, LK Squared. Lisa Kohan also directed Starboard to ship some unsold FMC merchandise to MBK's address. Lisa Kohan and MBK then refused FMC's demands that they return the goods to FMC for several months.

MBK sued FMC for unpaid commissions. FMC countered with eleven claims against MBK, the Kohans, and LK Squared. Lisa Kohan and MBK move to dismiss the count for civil theft under Federal Rule of Civil Procedure 12(b)(6).

**Legal Standard**

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v.*

*Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## Discussion

To state a claim for civil theft under Florida law, FMC must allege that Lisa Kohan and MBK (1) knowingly (2) obtained or used, or tried to obtain or use, FMC's property with (3) felonious intent (4) either temporarily or permanently to (a) deprive FMC of its right to or a benefit from the property or (b) appropriate the property to Kohan and MBK's own use or to the use of any person not entitled to the property. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). The victim of a civil theft can recover threefold the actual damages sustained or $200. Fla. Stat. § 772.11. But before a claimant can sue, it must "make a written demand for $200 or the treble damage amount of the person liable for damages under this section." Fla. Stat. § 772.11. Lisa Kohan and MBK argue that FMC failed to comply with the demand requirement and failed to allege felonious intent.[3]

    1. <u>Written Demand</u>

After mandating that civil-theft claimants make a written demand before filing suit, Fla. Stat. § 772.11 states, "If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the

---

[3] Lisa Kohan and MBK also claim they returned the merchandise to FMC and that FMC benefited from their actions, but those are factual contentions that cannot be raised in a 12(b)(6) motion.

person making the written demand." Lisa Kohan and MBK interpret this language to mean that FMC had to wait 30 days after its demand before filing suit. The Counterclaim is silent on when FMC sent the written demand, but the parties agree in their briefs that it was dated October 7, 2019, thirteen days before FMC filed the Counterclaim.

Courts are split on whether a civil-theft claimant can file suit within 30 days of making a written demand. *Compare In re Naturally Beautiful Nails, Inc.*, 262 B.R. 131, 134 (Bankr. M.D. Fla. 2001) (holding that the language quoted above "leaves no doubt that the statute requires that before an action for civil theft is filed the potential plaintiff must make a written demand for payment upon the defendant and cannot commence a suit until the expiration of the 30 days in the event no payment is made") *with Gothard v. Gothard*, 954 So.2d 736 (Dist. Ct. App. Fla. 2007) (finding "nothing in the statute which bars the filing of a suit for civil theft before the aforementioned thirty-day time period has expired"). This Court adopts the *Gothard* view. Under the plain language of Fla. Stat. § 772.11, FMC did not need to wait 30 days after the demand before filing its civil-theft claim.

2. <u>Felonious Intent</u>

Lisa Kohan and MBK next attack the sufficiency of FMC's felonious intent allegations, without citation to any supporting authority. The Counterclaim alleges that MBK and Lisa Kohan, without FMC's permission, directed Starboard to send FMC's merchandise to MBK's address. Starboard believed the goods were delivered directly to FMC. And although Lisa Kohan promised to send FMC the goods in June 2019, she still had them when FMC sent its demand in October 2019. Drawing all reasonable inferences in favor of FMC, the Court finds the allegations sufficient to survive a 12(b)(6) challenge.

Accordingly, it is now

**ORDERED:**

Motion to Dismiss Count VIII of the Counterclaim (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record