UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M.B.K. SALES, LLC., a Florida limited
liability company

      Plaintiff,

v.                                     Case No.: 2:19-cv-643-FtM-38MRM

DESIGNS BY FMC, INC., LK
SQUARED, FASHION GROUP
INCORPORATED, LISA A KOHAN
and MICHAEL B KOHAN,

      Defendants/Third
      Party Plaintiff

LK SQUARED, FASHION GROUP
INCORPORATED, LISA A KOHAN
and MICHAEL B KOHAN,

      Third Party Defendants.___/

## OPINION AND ORDER[1]

Before the Court is Counter-Plaintiff/Cross-Defendant Designs by FMC's Motion to Dismiss LK Squared Fashion Group Incorporated's Crossclaim (Doc. 29) and LK Squared's response (Doc. 34).

The Court recounts the factual background as pled in LK Squared's Crossclaim, which it must take as true to decide the Motion. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012). Designs by FMC manufactures and imports jewelry for sale to retailers throughout the United States. Michael Kohan worked

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

as an independent sales representative under an oral agreement with FMC for almost thirty years. In 1992, he formed M.B.K. Sales and continued the work under an oral agreement between FMC and MBK. One of his accounts was Starboard Cruise Services, which sells jewelry on its cruise ships. Lisa Kohan took over FMC's Starboard account in 2007. In 2011, she formed LK Squared and continued her sales work under an oral agreement between FMC and LK Squared. Lisa Kohan worked on commissions throughout her relationship with FMC.

In 2015, Lisa Kohan developed the HAUTE JEWELS 925 brand and a "pop-up shop" concept to revitalize FMC's business with Starboard. Starboard and FMC approved the idea, and FMC purchased fixtures and packaging to facilitate the plan. FMC sold "well over a million dollars" of HAUTE JEWELS 925 brand jewelry in 2015 and 2016. (Doc. 27 at 21). But FMC never paid Lisa Kohan or LK Squared commissions for those sales.

This suit began when MBK sued FMC for unpaid commissions. FMC countered with eleven claims against MBK, the Kohans, and LK Squared. LK Squared then filed a crossclaim against FMC for its unpaid commissions, and FMC moves to dismiss because the Salesman Commission Report attached to LK Squared's Crossclaim shows that the real party in interest is Lisa Kohan, not LK Squared. The Motion appears to be made under Federal Rule of Civil Procedure 12(b)(6), though FMC does not cite any procedural rules.

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded facts and draw all reasonable inferences in the light most favorable to the non-moving party. "To survive a motion to dismiss, the plaintiff's pleading must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

2

on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007). A claim is facially plausible when the Court can draw a reasonable inference from the facts pled that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. But "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). The Court thus engages in a twostep approach: "When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

When litigants attach exhibits to pleadings, "such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Solis-Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985). And "when the exhibits contradict the general and conclusory allegations of the pleadings, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007). So a court can dismiss a complaint if its exhibits reveal facts that "foreclose recovery as a matter of law." *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 10 (5th Cir. 1974).

FMC points to the Salesman Commission Report attached the LK Squared's Crossclaim as conclusive evidence that it had a contract with Lisa Kohan, not LK Squared. The Report, which FMC prepared for the Starboard account, identifies the salesman as "LK – Lisa Kohan." FMC thus urges the Court to disregard the allegation that "LK Squared entered into an oral agreement whereby Lisa Kohan and LK Squared at FMC's request, provided services to FMC" and dismiss the Crossclaim. (Doc. 27 at 21). But identifying Lisa Kohan as the salesman on the Starboard account does not contradict LK Squared's

3

allegations. It is plausible that Lisa Kohan worked as FMC's sales representative under an oral agreement between FMC and LK Squared. LK Squared will ultimately need to prove that it was in contractual privity with FMC for its Crossclaim to succeed, but dismissal is not now warranted.

Accordingly, it is now

**ORDERED:**

Counter-Plaintiff/Cross-Defendant Designs by FMC's Motion to Dismiss LK Squared Fashion Group Incorporated's Crossclaim (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of March, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record